# Yarbrough *v.* Carter.

## *Automobile Accident.*

(Decided January 21, 1913.  Rehearing denied February 14, 1913.
60 South. 833.)

1. *Negligence; Pleading; Wanton or Willful.*—An allegation that the injury complained of was wantonly or willfully inflicted by causing an automobile to run over or against plaintiff is sufficient.

2. *Same; Automobile; Injuries; Jury Question.*—On the evidence in this case it was a question for the jury to determine as to whether the defendant was negligent in the operation of the automobile.

3. *Same; Evidence; Ordinances.*—A municipal ordinance regulating the speed of automobiles was admissible in evidence, in connection with other circumstances, where the damages alleged to have been suffered were alleged to have been wantonly or willfully inflicted although there was no count claiming damages as for a violation of the ordinance and although its violation constituted simple negligence only.

4. *New Trial; Grounds.*—The judge did not erroneously deny the motion for a new trial based on the grounds that while the action was pending the defendant was brought into court in the presence of the jury as for a contempt for making a noise with his automobile which interfered with the court, where it appears that as soon as the judge saw that it was the defendant, he had the jury to retire.

5. *Same; Proof; Finding.*—Where the allegations for the motion for a new trial were denied and no proof was introduced and it appeared that the judge had personal knowledge of the facts, the appellate court is in no position to say that the trial court erred in denying such motion.

APPEAL from Jefferson Circuit Court.

Heard before Hon. E. C. CROWE.

Action by W. J. Carter against H. F. Yarbrough. Judgment for plaintiff, and defendant appeals.  Affirmed.

[Yarbrough v. Carter.]

The first count of the complaint is that plaintiff claims of defendant the sum of $10,000 as damages for that on, to wit, the 27th day of September, 1911, the defendant wantonly or willfully injured plaintiff by causing an automobile to run over, upon, or against plaintiff, severely injuring him, and that as a proximate result of said injury he has suffered and will suffer, etc. The demurrers raise the proposition that the count fails to state a cause of action for wanton or willful injuries. The evidence tended to show that near the terminal station at Birmingham, on one of the streets, an automobile running between 25 and 40 miles an hour struck the plaintiff, throwing him up in the air, and rendering him unconscious, and partially running over him. It further appeared from the tendencies of the evidence that no signals were given of the approach of the automobile, and that it was being run by Otis Wheeler, who was in the employ of Mr. Yarbrough, the defendant in this case, who was in the machine and who was the owner of the machine. The evidence for the defendant tended to show that the machine was not going more than 7 or 8 miles an hour, and that the plaintiff stepped out in front of it in close proximity to it, and was hit before the machine could be stopped.

LAMKIN & WATTS, for appellant. The court erred in overruling demurrers to count one.—*Neyman v. A. G. S. R. R. Co.*, 55 South. 509; *B. R., L. & P. Co. v. Brown*, 150 Ala. 326; *L. & N. R. R. Co. v. Mitchell*, 134 Ala. 265. The defendant was entitled to the affirmative charge. —*B. R., L. & P. Co. v. Brown, supra.* The court erred in permitting the introduction of the ordinance regulating the speed of automobiles as it was not shown that said ordinance was in force and effect at the time of the

[Yarbrough v. Carter.]

collision and courts do not judicially know when ordinances become operative.—28 Cyc. 393; *Adler v. Martin*, 179 Ala. 97; *Excelsior Steam Laundry v. Lomax*, 166 Ala. 612; *K. C. M. & B. Ry. v. Flippo*, 138 Ala. 387.

BLACK & DAVIS, for appellee. Where the complaint is amended and demurrers were not refiled the court will not be put in error for its ruling thereon as to the original complaint.—*B. R., L. & P. Co. v. Fox*, 56 South. 1013; *Central of Ga. Ry. Co. v. Ashley*, 48 South. 981. The complaint was sufficient.—*K. C. M. & B. v. Flippo*, 138 Ala. 487; *Jones v. Darden*, 7 South. 923; *Railroad Company v. Crenshaw*, 65 Ala. 566. Where the evidence is in conflict as to material issues the affirmative charge cannot be properly given.—*Garrett v. Fields*, 131 Ala. 305. Where specific grounds of objection to the evidence are interposed the others are waived and a reversal will not be had because the evidence was objectionable for any other reason than those specified. —*McDaniel v. State*, 97 Ala. 614; *Steiner v. Tranum*, 98 Ala. 319; *A. G. S. R. R. Co. v. Bailey*, 112 Ala. 167. If otherwise relevant a municipal ordinance appearing in a book purporting to be a code of ordinances of the city, and certified under the hand of the clerk, is admissible.—Section 3989, Code 1907. The ordinance was therefore admissible.—*L. & N. R. R. Co. v. Webb*, 98 Ala. 308; *Ga. Pac. v. O'Shields*, 8 South. 248. There was no prejudicial error in calling the defendant in for disturbing the proceedings of the court.—38 Cyc. 1234-5.

MAYFIELD, J.—Count 1 of the complaint as amended states a good cause of action as for willful or wanton injury, and was not subject to the demurrers interposed. The count alleges in terms that the injury complained of was wantonly or willfully inflicted by caus-

ing an automobile to run over or against the plaintiff. Such averments have been repeatedly held sufficient by this court, and distinguished from that line of cases, cited and relied on by appellant, in which the counts attempt to set forth the facts relied upon to show wanton or willful injury, when such facts so set forth do not support the conclusion of the pleader as to wantonness or willfulness.—6 Mayf. Dig. 669,

The court properly declined to give the charges requested by the defendant. One was in effect, and the other in form, the general affirmative charge for the defendant. We hold that there was evidence to carry the issue to the jury.

There was no error in the court's allowing the municipal ordinance of the city of Birmingham to be introduced in evidence. The ordinance was intended to prohibit the running of automobiles on the streets of that city in excess of ten miles per hour. While there was no count of the complaint claiming damages as for a violation of this ordinance, yet the ordinance, in connection with evidence that the defendant was, at the time of the injury complained of, violating the speed limit fixed in this ordinance, and in connection with other facts and circumstances, was admissible as evidence for the jury to consider in determining whether the wrongful act complained of was wanton or willful. It is true that this court has frequently decided that violation of such an ordinance as to speed limit is simple negligence only, yet it does not follow that it is not admissible, in connection with other evidence, to show that the act complained of was wanton. The rule announced in *Adler v. Martin*, 179 Ala. 97, 59 South. 597, is not infringed nor overlooked in this case. In that case there was a count declaring specially as for a violation of the ordinance as to speed limit for auto-

mobiles, and, of course, it was necessary to show that the ordinance was in force at the time of the alleged injury, in order for plaintiff to recover.

We are not prepared to say that the trial court erred in overruling the defendant's motion for a new trial. The ground here insisted upon, as one on which the motion should have been granted, is that the defendant was brought into court, on the charge of being in contempt of court, by making a noise with his automobile which disturbed the court in the discharge of its business, to wit, while engaged in the trial of this particular case; and that the defendant was thus brought, by two deputy sheriffs, before the court, and into the presence of the jurors who were to render the verdict in his case, which was an action to recover damages for personal injuries inflicted by the defendant with an automobile.

It appears that the judge was not aware that the defendant was the person ordered to be brought into court, nor until defendant was before him; but that the judge then did all that he could, to prevent prejudice, by having the jury to retire.

Moreover, there seems to have been introduced, on the hearing of the motion, no proof to establish the facts or allegations set forth in the motion; and as the allegations were denied by the plaintiff, and the judge who passed upon the motion is shown to have had a personal knowledge of the occurrence, we are, of course, not prepared to say that he was in error in his ruling thereon.

Finding no error, the judgment of the lower court is affirmed.

Affirmed.

DOWDELL, C. J., and ANDERSON and DE GRAFFENRIED, JJ., concur.