# St. Louis & S. F. R. R. Co. v. Jamar.

## Damage for Maintaining Ditch in Street.

(Decided May 15, 1913.   Rehearing denied June 19, 1913.
62 South. 701.)

1. *Pleading; Facts or Conclusions.*—To state a cause of action against a railroad company for injury to a traveler in a public street along which the tracks of the railroad company extend, the complaint must aver facts which show that the railroad company had omitted its duty to the travelling public.

2. *Same.*—Unless the law raises the duty from the relation set forth, the duty itself must be made to appear from the facts averred, and not as a conclusion of the pleader.

3. *Railroads; Tracks in Street; Duty to Repair.*—Where a railroad track is constructed in a public street, the railroad must use reasonable care to keep the part of the street occupied by its tracks, as well as the part related to the support of its rails, in such condition as to be free from pitfalls and danger to the traveling public, and this duty is on it independent of statute or contracts.

4. *Same.*—A railroad company is liable to a traveler injured in a public street as a proximate consequence of its negligence in failing

to keep the part of the street occupied by its tracks in a proper condition.

5. *Same; Maintenance of Street.*—Where a railroad track is constructed in a public street, the company is only under the duty to restore and repair the street, and not to improve it; hence, if the sole, efficient cause of an injury to a traveler in the street is a condition that existed when the railroad company laid its track, the company is not liable therefor.

6. *Same; Negligence; Pleading.*—Where the action was for injury to a pedestrian caused by his falling into a ditch in a public street, along which the tracks of the railroad company extended, an averment that the railroad company "negligently allowed or permitted a deep ditch to cross the said right of way or railroad in a perilous condition" is insufficient to allege a duty upon a railroad company in respect to the ditch.

7. *Same; Duty of Railroads.*—Where defendant railroad company and another railroad company each had a track along the same city street, defendant was under no duty to cover or otherwise prepare for pedestrians to travel over that part of a deep drain crossing the street, except where its own tracks lay, and was not liable for injuries to a pedestrian who fell into the drain, and was injured while walking in the street between the two tracks.

APPEAL from Birmingham City Court.

Heard before Hon. WILLIAM M. WALKER.

Action for personal injuries by D. W. Jamar against the St. Louis & San Francisco Railroad Company. Verdict and judgment for plaintiff, and defendant appeals. Reversed and remanded.

The following is count 2: "Plaintiff further claims of defendant the sum of $10,000 damages for that on, to wit, the 17th day of August, 1906, the defendant owned, used, or occupied a certain railroad, right of way, or roadbed along and over a public thoroughfare in the city of Birmingham, Ala., known and designated as Thirteenth street; that on said thoroughfare between Seventh and Eighth avenues in the city of Birmingham the defendant negligently allowed or permitted a deep ditch to cross the said right of way or railroad in a perilous and dangerous condition. Plaintiff further avers that at said time, while passing along said street at said place, he fell or was caused to fall into said

ditch, and as a direct and proximate result of defendant's negligently permitting or allowing the said ditch to be in said dangerous condition. Plaintiff further avers that as a direct and proximate result of said injury his leg was broken, and he was bruised, lamed, and injured internally and externally, caused to suffer much physical pain and mental anguish; that he was also caused to lose much time from his business, and expended large sums of money, and has been permanently injured as aforesaid, all to his damage in said sum of $10,000; wherefore, he brings this suit." the following are the grounds of demurrer referred to: "(6) The averment of negligence is naught but the conclusion of the pleader. (7) It is not made to appear save by way of conclusion that defendant was under any legal duty to close or fill in or change the condition of the ditch or drain. (8) No facts are averred in said count from which it affirmatively appears that defendant was under any duty to the plaintiff. (9) For aught that appears from said count, the ditch or drain referred to was a natural water course, the condition of which defendant was under no duty to alter. (10) It is not made to appear that said ditch was caused by defendant or resulted from the construction or operation of the railroad."

CAMPBELL & JOHNSON, for appellant. The court was in error in overruling demurrer to count 2.—*So. Ry. Co. v. Morris,* 42 South. 17; 63 Ill. App. 224; 67 N. E. 21; 64 N. W. 1140; *Mont. St. Ry. v. Smith,* 61 N. E. 983; Elliott on Roads & Streets, 433; 36 Cyc. 1404; 77 N. E. 357; 52 Atl. 106. Defendant was entitled to the general charge, first, because the evidence failed to establish that the street at the point in question was a public thoroughfare.—*City of Mobile v. Fowler,* 147 Ala. 403; *Lipscomb v. City of Bessemer* 161 Ala. 173;

*Evans v. Savannah Co.,* 90 Ala. 55; *Smith v. Opelika,*
165 Ala. 630, and cases cited. Second, because there
was no breach of duty to defendant shown, as the place
of injury was not shown to have been on or near de-
fendant's track, but in the space between two tracks.
—*Tinney v. C. of Ga.,* 129 Ala. 523; *Miller-Brent v.
Douglass,* 167 Ala. 286; *N. B. S. R. R. Co. v. Caldwood,*
89 Ala. 247; *C. of Ga. v. Thomas,* 1 Ala. App. 267.
Under his own evidence plaintiff is guilty of contrib-
utory negligence. The court improperly refused charges
4, 5, 8 and 9 requested by defendant.—Authorities
supra. On these same authorities, the other charges re-
quested should have been given. The court's oral charge
was insufficient.—*Hayes v. Lemoine,* 156 Ala. 465;
*City Council v. Bradley,* 48 South. 809; *Owen v. Moxon,*
52 South. 527; *Dennis v. State,* 112 Ala. 64; *Whitney
v. Bellue,* 54 Ala. 667.

BLACK & DAVIS, for appellee. The demurrers were
jointly assigned and unless all are good, the assignment
will not prevail.—*McDonald v. Pearson,* 114 Ala. 630.
A sufficient dedication to the public is shown.—*Reid v.
Birmingham,* 92 Ala. 339. This was not a case for the
affirmative charge.—*Robinson v. Crotwell,* 57 South.
23. A pedestrian may assume that streets are in a prop-
er condition, and need not look out for obstructions nor
feel his way at night.—*Birmingham v. Taylor,* 105 Ala.
170; *Montgomery v. Reese,* 146 Ala. 410. Irrespective
of statute or contract a railroad is bound to keep the
part of the street occupied by its right of way in a good
condition of repair.—36 Cyc. 1403; 33 Cyc. 178; 64 Atl.
446; 52 N. E. 731; *Montgomery Ry. v. Smith,* 39 South.
757. The owner of property in such a condition as to
constitute a nuisance violates a duty he owes to the
public if he allows the nuisance to continue.—*Cromme-*

*lin v. Cox,* 30 Ala. 318; *Dunn, et al. v. Gunn,* 149 Ala. 583. Portions of the oral charge must be construed in connection with the whole charge.—*L. & N. v. Bogue,* 58 South. 392. The exception to the oral charge must specifically point out the defect.—*B. R. L. & P. Co. v. Simpson,* 59 South. 214. An excavation in the street left open and unprotected so that it is dangerous to the travelling public, is a nuisance per se.—*Costello v. State,* 108 Ala. 45; Joyce Nuisances sec. 230; Thompson on Negligence, sec. 893.

McCLELLAN, J.—Action by a pedestrian (appellee) for damages resulting from an injury received by falling into a ditch or drain alleged to have been negligently permitted or allowed by the appellant in a public street in which appellant's railway was constructed. Of the four counts filed, only count 2 was submitted to the jury. The report of the appeal will contain count 2.

Independent of statute or contract, when a railway is allowed to be constructed in a public street, the duty attaches to have and to keep that part of the street occupied by its track, including that part related to the support of the rails, in such condition as to be free from pitfalls and from danger to the traveling public. —*Montgomery St. Ry. Co. v. Smith,* 146 Ala. 316, 39 South. 757; *Reading v. Traction Co.,* 202 Pa. 571, 573-4, 52 Atl. 106; Nellis on Street Railroads, pp. 259-262, 263, 266; 3 Dillon's Munic. Corp. § 1276; 2 Elliott on Streets & Roads, § 971; 36 Cyc. pp. 1403, 1404, 1405, 1406.

For negligence in respect of the performance of this duty the railway company is liable to one (a traveler in the public streets) injured as a proximate consequence of such neglect. Reasonable care and diligence in this regard is the measure of the duty thus resting upon

the company. In addition to the element of this duty which forbids the creation of a pitfall by the railway company in constructing or maintaining its roadway in the street (omitting reference at this time to the particular obligation, upon contingencies, to pave), it is only obliged by duty to restore, to repair—not to improve—the street.—Author, supra.

It necessarily follows from those premises, definitive of the duty imposed independent of contract or statute, that a traveler in a public street who would legally trace his injury to the negligence of the railroad company must aver in his pleading such a state of fact as will show that the company has omitted its duty to the traveling public. He must aver in the form of facts not in the form of conclusions deduced by him from his view of the fact. The duty on the company is not coextensive with the limits of the street. It is confined, and so to the end that the duty is to restore, to repair, and not to improve, the street. If the sole efficient cause of the injury is a condition that existed when the railway was installed in the street, manifestly the company is not liable therefor.

In order to sufficiently and properly charge in a pleading a breach of duty, the duty itself must be made to appear, not as a conclusion of the pleader but from facts averred, unless the relation set forth between the plaintiff and the defendant raises in law the duty which it is claimed was breached, to the injury complained of.

The only averment that tends in any degree to allege a duty upon this defendant in respect of this street is that afforded by implication only in the allegation of negligent breach by defendant, to plaintiff's injury. To read from the count an averment of the duty, charged to have been breached by defendant, the process must be one of inference merely—an inference deducible

alone from the allegation that the defendant "negligently allowed or permitted a deep ditch to cross the said right of way or railroad in a perilous and dangerous condition."

The sixth to tenth (inclusive) grounds of the demurrer to count 2 were well taken.

From the evidence it appears that two distinct railways are laid (at and about the point where plaintiff was injured) in what the maps show is Thirteenth street; and that the ditch or drain crossed at a right angle the roadway of these companies. The railway companies constructed trestles or railroad bridges over this ditch or drain. There was an appreciable space between these two trestles or bridges where they overlay the ditch or drain. The evidence is without dispute that plaintiff walked into the ditch or drain between these structures, and received the injuries complained of. His course was between the two railways. Aside from all other considerations, we do not find any basis in the evidence for a conclusion that the plaintiff's injury was in consequence of the negligence of the defendant in failing to cover the ditch at the point at which plaintiff fell into it. In other words, under the proof here, there is no evidence establishing, or tending to establish, a breach of duty by defendant, in respect of the ditch or drain at the point of injury. There was no evidence that the installation of the roadway used by defendant created the ditch or drain. This point was not in the part of the street occupied by the roadway of the defendant. The fact that this point was between that and the other roadway laid in the street did not impose on the defendant the duty to cover that part of the street. So, if the plaintiff's pleading should be reformed to sufficiency and the evidence remains as it here appears, no recovery by plaintiff could be had.

[Citizens' L. H. & P. Co. v. Lee.]

For the error in overruling the demurrer to count 2, the judgment is reversed, and the cause is remanded.

Reversed and remanded. All the Justices concur, except DOWDELL, C. J., not sitting.