[Mobile Light & R. R. Co. v. Burch.]

# Mobile Light & R. R. Co. *v.* Burch.

## *Injury to Person on Track.*

(Decided May 11, 1915. 68 South. 509.)

1. *Appeal and Error; Harmless Error; Pleading.*—Where the trial was had on certain special pleas to which demurrer was overruled, any error in sustaining the demurrer to other special pleas, setting up practically the same defense, was harmless.

2. *Street Railways; Persons on Track; Negligence.*—Where there was a city ordinance prohibiting any person driving a vehicle or operating a street car from crossing either streets at a much frequented intersection of two streets, until signaled by the traffic officer stationed there, it was negligent for a street car to cross the street without such signal.

3. *Same; Proximate Cause.*—Where a traffic policeman had his back to the car, and the motorman gave no warning by sounding the gong or otherwise, the negligence in crossing a street without a signal from one of the traffic officers stationed there, might have been the proximate cause of the car striking such policeman, as the policeman had a right to assume that the car would not cross the street without a signal, and so acting upon such assumption, to refrain from getting off of the track until the car was so signaled.

4. *Same; Failure to Sound Gong.*—Where a street car motorman saw a person on the track, or in dangerous proximity to the track, with his back to the car, he had no right to assume that such person was aware of the approach of the car, and was guilty of negligence in failing to sound the gong, or give warning otherwise.

5. *Same; Duty to Stop Car.*—Unless a motorman knows, or has good reason to believe, that a person on or dangerously near to the track, is deaf, he may, after sounding the gong, or giving warning in other ways, assume that such person hears the warning and will get out of the way, but that assumption cannot be indulged after such person's danger becomes imminent, and when such time arrives, it is the duty of the motorman to stop the car and avoid the injury if possible.

6. *Same; Negligence.*—It is the duty of a motorman to the public in general to keep a constant lookout ahead, especially at much frequented and used street crossings, and if such motorman did not see a person on or near the track, he was guilty of negligence in failing to discover him.

7. *Same; Complaint; Issues.*—A complaint declaring upon simple negligence in general terms, without specifying the particular act of negligence, will support a recovery for negligence in crossing a street in violation of a city ordinance, in failing to sound the gong, or give some other warning, after discovering the presence of the person on or near the track, or for failing to discover his presence.

8. *Same; Evidence.*—Under a complaint, such as the one here considered, a city ordinance prohibiting any person operating a vehicle from crossing either street at the intersection where the accident occurred, until signalled by a traffic officer, was admissible, as was evidence of the motorman's breach of such ordinance.

9. *Same.*—Where a traffic policeman was injured by being struck by a car, crossing the street in violation of a city ordinance, it was competent to show that another officer stationed at the same street crossing was touched by the car in passing close to him just before it struck the plaintiff.

10. *Same.*—Where the action was for injuries by being struck by a street car at the intersection of the streets, evidence that no gong was sounded or other warning given of the aproach of the car, was properly admitted.

11. *Same.*—Evidence that plaintiff unsuccessfully prosecuted the motorman for the same offense was immaterial, and could not have been pleaded as res adjudicata.

12. *Damages; Physical Examination; Time.*—Where the defendant did not move for a physical examination of plaintiff's person by physicians prior to the trial, and the plaintiff's evidence disclosed nothing more as to his injuries than had been alleged in the complaint, a motion made at the trial for such examination was not seasonably made, and the court's action declining it will not be disturbed.

13. *Charge of Court; Singling Out Evidence.*—Charges which single out or give undue prominence to parts of the evidence should be refused.

14. *Same; Ignoring Issues.*—Where the plaintiff might have recovered on any one of several theories, charges predicating a verdict for defendant, which ignore one or more of such theories are properly refused.

APPEAL from Mobile Law and Equity Court.

Heard before Hon. SAFFOLD BERNEY.

Action by Walter Burch against the Mobile Light & Railroad Company, for damages for personal injuries. Judgment for plaintiff, and defendant appeals. Affirmed.

The first count after alleging defendant to be a corporation operating cars by electricity over and along the public streets of the city of Mobile, and the facts showing that the track was so laid and constructed as to be and become a part of said street, alleges generally that the servants or agents of defendant acting within the line and scope of their authority so negligently conducted themselves that the car of which they were in

charge ran upon or against plaintiff at or near the intersection of Dauphin and Royal streets, inflicting the damages here set out. Count 3 allege generally the negligent operation or control of said car by defendant's servants or agents while acting within the line and scope of their authority as to cause the same to negligently strike plaintiff at the places alleged in count 1, inflicting the injuries alleged in count 1. The facts appear from the opinion. Exceptions were reserved to the following portions of the oral charge: My views of the law is that if it be a fact, as testified to by plaintiff in this case, that he never saw the car and had his back to the car, that if the motorman was aware of this fact, he was not authorized to assume that plaintiff would get out of the way. The court charges you that a violation of section 7 of the ordinance introduced in evidence by this motorman, if you believe there was a violation, if you believe that he made this crossing without having been signaled by an officer, and that there was an officer visible at the crossing, then that fact would be negligent on the part of the motorman, and if it proximately resulted in the injuries complained of in this case plaintiff would be entitled to a verdict at your hands, unless defendant has proven some one of his pleas of contributory negligence. The law is that when a motorman sees a person either upon or in dangerous proximity to the track, and that person is an adult, the motorman has the right to presume or assume that the person so situated will move out of the way, and the motorman is under no duty to stop or slow his car or give any signal of the approach of the car until he becomes aware that the person in danger does not know of the approach of the car, or is unable to get out of the way of the car, or does not intend to get out of the way of the car. As soon as either of these facts becomes apparent

to the motorman, then the law charges him with the duty of using proper means to avoid the injury, or ring his bell and give notice of the car's approach. It is the duty of the motorman in the operation of his car to use due care not to injure pedestrians in the street, and this care involves the keeping of a diligent lookout, and if a person is in danger, and the motorman sees that person, or if a man is aware of the peril of another man, he is to take proper precaution to give signal of the approach of the car so that the party can get out of the way. In other words, due care is simply such care as an ordinarily prudent man running a street car would use to prevent injury to people in the street.

The charges requested by defendant were predicated upon the duty of the policeman to keep a sufficient lookout, and the fact that he stood negligently in close proximity to said track, knowing that the cars were passing over it every few minutes, thus contributing to his own injury. The other line of charges were that the motorman had the right to assume that a police officer directing traffic will step out of the way of a car in time to let the car pass, and that the motorman was under no obligation or duty to stop the car or slacken its speed until it became apparent that the policeman would not move out of its way, etc.

GREGORY L. & H. T. SMITH, for appellant. The policeman was guilty of contributory negligence, and the court erred in overruling the demurrer setting up such negligence.—*Merrill v. Sheffield Co.*, 162 Ala. 242; *L. & N. R. R. Co. v. Williams*, 172 Ala. 560; *B. R. L. & P. Co. v. Oldham*, 141 Ala. 198; *Cent. of Ga. Ry. Co. v. Foshee*, 125 Ala. 221. Under the facts in this case, the motorman had the right to assume that the traffic officer would step out of the way before the car reached him.

[Mobile Light & R. R. Co. v. Burch.]

—*B. R. L. & P. Co. v. Williams*, 158 Ala. 381; *M. & M. R. R. Co. v. Blakely*, 59 Ala. 471; *L. & N. R. R. Co. v. Black*, 89 Ala. 313; *Schneider v. Mobile L. & R. R. Co.* 146 Ala. 348; *Southern Ry. Co. v. Gullat*, 150 Ala. 321. This right of presumption continued as long as plaintiff had an opportunity to get out of the way.—Authorities supra. It was the plaintiff's duty as a traffic officer to keep himself posted as to the approach of the car.—*C. & W. Ry. Co. v. Bridges*, 86 Ala. 448; *A. G. S. R. R. Co. v. Roach*, 110 Ala. 266; *B. & A. Ry. Co. v. Madison*, 166 Ala. 602. The ordinance was intended for the protection of pedestrians, and created no duty towards the traffic officer.—*L. & N. R. R. Co. v. Homlland*, 164 Ala. 73. The court should have granted defendant's motion requiring plaintiff to submit to a physical examination.—*A. G. S. R. R. Co. v. Hill*, 90 Ala. 77; *Southern Ry. Co. v. Bush*, 122 Ala. 489.

FRANCIS J. INGE and J. H. KIRKPATRICK, for appellee. The court properly sustained demurrers to the pleas of contributory negligence.—*Creola Lumber Co. v. Mills*, 149 Ala. 474; *St. L. & S. F. R. R. Co. v. Phillips*, 165 Ala. 504. In any event any error along that line was harmless. A motorman does not discharge his duty by merely giving warning to persons on the track, but must stop his car if necessary.—*Appel v. Selma S. & S. Ry. Co.*, 59 South. 164. Violation of a municipal ordinance is negligence, even though the ordinance is not pleaded.—*L. & N. R. R. Co. v. Christian, et al.*, 150 Ala. 390; *Yarbrough v. Carter*, 60 South. 833; *Elyton Land Co. v. Mingea*, 89 Ala. 521. A motorman cannot indulge an assumption beyond the point where it will be impossible for him to stop his car to prevent injury. —*Annistn E. & G. Co. v. Rosen*, 159 Ala. 195; *B. R. L. & P. Co. v. Williams*, 158 Ala. 381. Subsequent negli-

gence may be shown under a general averment of negligence.—*L. & N. R. R. Co. v. Lowe,* 158 Ala. 391. A failure to sound the gong may constitute negligence.—*B. R. L. & P. Co. v. Williams, supra; A. G. S. R. R. Co. v. McWhorter,* 156 Ala. 269; *Randle v. B. R. L. & P. Co.,* 158 Ala. 532. The charges were properly refused under familiar principles.

THOMAS, J.—The complaint contains five counts, but the appellant, who was defendant below, was given the affirmative charge as to all of them except the first and third, which declared upon simple negligence in general terms. To these, the appellant filed six pleas; one of the general issue, and the others special pleas setting up contributory negligence.

The court sustained demurrers to three of these special pleas, but whether erroneously or not we need not consider, since there was certainly no injury, as the defenses set up in these pleas were practically, and to all intents and purposes, the same as were set up in the two special pleas to which the demurrer was overruled and upon which the trial was had.—*Smith v. Davis,* 150 Ala. 106, 43 South. 729; *Creola Lumber Co. v. Mills,* 149 Ala. 474, 42 South. 1019; *Ewart L. Co. v. Am. Cement P. Co.,* 9 Ala. App. 157, 62 South. 560.

The evidence for the plaintiff tended to show that at the time of the accident he was a police officer in the city of Mobile, who was at such time stationed, under orders from the municipal authorities, at the intersection of Royal and Dauphin streets for the purpose of looking after, regulating, and directing at that point, in conjunction with another officer there stationed, traffic of all kinds, to the end of preventing collisions and accidents; such point being, even on ordinary occasions, a much used and frequented crossing in the city,

when the President of the United States was in the city, which fact attracted to it large crowds.

The defendant has car tracks, over which it at the time was operating street cars, both on Royal and Dauphin streets, imbedded in and level with the street, intersecting each the other at right angles at the street crossing—the former (those on Royal street) running north and south, and the latter (those on Dauphin street) running east and west.

There is an ordinance of the city, introduced in evidence by the plaintiff, which prohibits any person driving a vehicle or operating a street car from crossing either street at this point until signaled by an officer, if an officer is in sight. The evidence for the plaintiff tends further to show that the car which struck him came south down Royal street, across Dauphin street, without a signal from either him or the other officer, each of whom was out in the street, open to view, at that point, and that the car struck plaintiff while his back was towards it, before the motorman gave any warning of its approach, either by ringing the gong or otherwise, and at a time when plaintiff did not know it had crossed the street and was approaching.

If this evidence be believed, the motorman was, in the event he saw the plaintiff, guilty of negligence in two particulars, to wit: First, he was guilty of negligence in crossing Dauphin street without a signal from either officer, which negligence, we conceive, could have proximately caused the injury to plaintiff, since the latter had a right to assume that the car would not cross without first receiving a signal to do so, and a consequent right to act upon such assumption and to refrain from removing himself from the track until the car was so signaled, as until then he could assume, on the faith of a compliance by the motorman with the requirements

of the ordinance, that he, plaintiff, was in no danger, even though on the track, from cars crossing the street; second, even if there had been no such ordinance, the motorman was, if he saw the plaintiff on the track, or in dangerous proximity thereto, with his back to the approaching car, guilty of negligence in failing to sound the gong or to give warning in some way of the approach of the car.

Relative to this theory of the case, what was said in *Mobile L. & P. Co. v. Drooks,* 11 Ala. App. 595, 66 South. 824, is appropriate here: "While it is perhaps true, as contended by defendant's counsel, that under the circumstances of this case as detailed, the motorman was under no duty [if we ignore in the present case the ordinance mentioned] to stop the car, since the motorman had a right to assume that the plaintiff, an adult, would, if conscious of the approach of the car, turn aside and get out of its way before it reached him, which he could easily have done by taking one step,   *   *   * yet the motorman had no right to assume or presume, under the circumstances here, that the plaintiff [who had his back to it] was conscious of the approach of the car, and the motorman was consequently under duty to give plaintiff warning of such approach by sounding the going, ringing the bell, or otherwise."—*Mobile L. & P. Co. v. Drooks, supra,* and authorities there cited.

Upon giving such warning the motorman may assume unless he knows or has good reason to believe that such person who is on or dangerously near the track is deaf, that such person hears such warning and will get out of the way of the danger; but even this assumption cannot be indulged beyond the time when the person's danger becomes imminent. When such time arrives it becomes the duty of the motorman to stop the car and avoid the injury if he can do so, and his failure

to do so, under such circumstances, will constitute culpable negligence.—*Birmingham Railway, L. & P. Co. v. Williams,* 158 Ala. 388, 48 South. 93; *Randle v. Birmingham Railway, L. & P. Co.,* 158 Ala. 532, 48 South. 114.

On the other hand, if the motorman, as he seems to contend, did not see the plaintiff—a police officer out in the street directing the traffic at the crossing—then the motorman was guilty of negligence in failing to discover him, for it was the former's duty to the public in general to keep a constant lookout ahead, and especially at this place, a much used and frequented street crossing.—*Mobile L. & P. Co. v. Drooks, supra,* and cases there cited.

On several theories, then, if plaintiff's evidence be believed, he was entitled to recover under the allegations of the complaint, which, as before stated, declared upon simple negligence in general terms without specifying the particular acts thereof (*Leach v. Bush,* 57 Ala. 145); and it was entirely permissible to this end for the plaintiff to offer in evidence the ordinance mentioned, and to show its breach by the motorman (*L. & N. R. R. Co. v. Christian-Moerlein Brew. Co.,* 150 Ala. 398, 43 South. 723; *Yarbrough v. Carter,* 179 Ala. 356, 60 South. 833).

What we have said is sufficient to indicate without the necessity for further discussion the reasons of our holding that the trial court did not err in those portions of its oral charge that were excepted to and assigned as error by defendant, or in refusing the numerous written instructions requested by defendant—some of which were affirmative instructions as to negligence and contributory negligence; some of which singled out and gave undue prominence to portions of the evidence; some of which, in predicating a verdict for defendant, ignored one or more of the theories before pointed out

upon which plaintiff was entitled to recover, notwithstanding he might not have been on the facts as hypothesized in the charge; and some of which were misleading and confusing—all of which will clearly appear upon a mere reading of the charges in the light of what we have said in the opinion and of what was said in the authorities there cited.

We will not disturb the action of the trial court in declining, upon motion made by defendant during the progress of the trial, after the close of plaintiff's evidence, to require the plaintiff to submit to a physical examination of his person by physicians. Plaintiff's evidence as to his injuries disclosed nothing more than had been alleged in the complaint, of which defendant had notice before entering upon the trial; and what our Supreme Court said in *R. & D. R. R. Co. v. Greenwood,* 99 Ala. 501, 14 South. 495, is applicable here: "Under the circumstances the motion was not seasonably made; and to have granted it would probably have been to have postponed the trial when it [the motion] might as well have been brought forward sufficiently early for this result to have been avoided."—*R. & D. R. R. Co. v. Greenwood, supra.*

The trial court did not err in permitting the officer, who was stationed with plaintiff at the crossing mentioned, to testify as a witness for plaintiff that the car which struck plaintiff passed by this officer just before it struck plaintiff and so close to him that it touched his arm. This was clearly a part of the res gestæ.

Nor did the court err in permitting plaintiff to show that no gong was sounded or other warning given of the approach of the car.

The fact, if it be a fact, that plaintiff prosecuted defendant's motorman for the offense, and that unsuccessfully, was entirely immaterial to this case. Such pros-

ecution was not pleaded as res adjudicata here, and could not have been.

We have noticed all points discussed in brief. As we find no error, the judgment is affirmed.

Affirmed.