141 So. 229

## ALABAMA POWER CO. v. LEWIS.

3 Div. 994.

Supreme Court of Alabama.

Jan. 28, 1932.

Rehearing Denied April 28, 1932.

Steiner, Crum & Weil, of Montgomery, and Martin, Thompson & McWhorter and Walter Bouldin, all of Birmingham, for appellant.

Hill, Hill, Whiting, Thomas & Rives, of Montgomery, for appellee.

**KNIGHT, J.**

Suit for recovery of damages for personal injuries, instituted in the circuit court of Montgomery county by Mrs. Libbie Vass Lewis against the Alabama Power Company. From a judgment for plaintiff, the appeal is prosecuted.

It is earnestly argued by appellant that count 1 of the complaint is defective, and subject to the demurrer directed thereto.

The plaintiff stated her case in two counts. While there was a demurrer to each of the counts, and the same overruled, yet, on this appeal, no error is assigned to the action of the court in overruling appellant's demurrer to the second count. We are justified, therefore, in assuming that appellant considered count 2 as stating a good cause of action against it.

It is apparent that under count 2, which is confessedly good, all testimony competent under the first count might have been introduced. It was incumbent upon the plaintiff to make the same proof and the same degree of proof under count one, as the case was developed, as she was required to make under count 2. And likewise, the same defense open to defendant under count 1 was available to it under count 2. Therefore, if it were conceded that count 1 was defective in the respects pointed out by the demurrer, this court would not reverse for such an error. It would be error without injury. Furthermore, the whole case was tried, as appears from the bill of exceptions, on the stated averments of negligence in count 2. Bond Bros. v. Kay et al. (Ala. Sup.) 136 So. 817; [1] Henderson Law Co. v. Hinson, 157 Ala. 640, 47 So. 717; Ander-

---

[1] 223 Ala. 431

son v. Robinson, 182 Ala. 615, 62 So. 512, 47 L. R. A. (N. S.) 330, Ann. Cas. 1915D, 829.

■ It is next insisted that the court committed reversible error in permitting plaintiff, over the objection of defendant, to read in evidence the ordinance of the city of Montgomery, set out in the record in this case. It is insisted that, inasmuch as the complaint did not set out the ordinance, or refer thereto, the ordinance could not be introduced in evidence in this case, which counted only upon simple negligence.

This raises one of the most serious questions presented by the record. Appellee insists that this court has firmly committed itself to the admissibility of such ordinances in cases where simple negligence is counted on for a recovery. In support of her insistence, we are referred to the following cases, among others: Douglass v. Central of Georgia R. Co., 201 Ala. 395, 78 So. 457, 458; Louisville & N. R. Co. v. Moerlein Brewing Co., 150 Ala. 390, 43 So. 723; Ala. Great So. R. Co. v. McDaniel, 192 Ala. 639, 69 So. 60; Mobile Light & R. Co. v. Burch, 12 Ala. App. 421, 429, 68 So. 509; Yarbrough v. Carter, 179 Ala. 356, 60 So. 833; 45 C. J. 1070.

It becomes necessary, therefore, to review the above authorities to ascertain whether or not they are in point in this case, in view of the objections interposed in the court below to the introduction of the ordinance in question; that is, to see if the ordinances admitted in evidence in the above cases were pleaded or referred to in the complaints in those cases. In the case of Douglass v. Central of Georgia R. Co., supra, on the original hearing, Mr. Justice Mayfield, speaking for the court, said: "There was no error in declining to allow the plaintiff to introduce an ordinance of the town in which the property was situated, fixing the speed at which trains should move within the corporate limits. There was no allegation that the injury complained of proximately resulted from a violation of such ordinance, nor was there any allegation that the train was being operated in a wanton or willful manner, which proximately resulted in the injury complained of. Without some such allegation or issue, we do not see how this ordinance was admissible." On rehearing, Mr. Justice McClellan, speaking for the majority, said: "The ruling of the trial court in excluding the ordinance of Alexander City, governing the speed of locomotives in that municipality, was error under the authority of this court's recent deliverance in Southern R. Co. v. Stonewall Ins. Co., 177 Ala. 327, 337, 58 So. 313, Ann. Cas. 1915A, 987." It appears from the original record in the Stonewall Ins. Co. Case that the specific objection made to the introduction of the ordinance was: "The defendant objected to the introduction of said ordinance on the ground

that it is totally irrelevant and immaterial to the case." Of course the court, in passing upon the objection, could only consider the ground assigned, and, if it did not properly point out the objection, the court was compelled to overrule it, no matter how many other valid grounds of objection it was subject to. This was, in fact, pointed out by Judge McClellan on the rehearing in the Douglass Case, supra. In his opinion in the Douglass Case, Justice McClellan says: "There was no objection to the ordinance in the present case on the specific ground that the ordinance was not declared on in the complaint." As confirmatory of this position, the grounds of objection are then stated in extenso. This is, then, persuasive of the conclusion that the holding was, in fact, predicated upon the failure of the objector to assign a proper and apt ground of objection.

The present case, on this point, is easily distinguishable from the case of Douglass v. Central of Georgia R. Co., supra, and the case of Southern R. Co. v. Stonewall Ins. Co., 177 Ala. 327, 58 So. 313, Ann. Cas. 1915A, 987, for in the present case appellant interposed, as grounds of objection to the introduction in evidence of the ordinance, the following, among other grounds: "That there was no pleading in the case setting up or involving said city ordinance; that said city ordinance had not been pleaded, and was not therefore admissible, or germane, or material to the issue in the case; and that without pleading said ordinance in the complaint, plaintiff could not introduce it."

In the case of Louisville & N. R. Co. v. Moerlein Brewing Co., 150 Ala. 390, 43 So. 723, 726, cited by appellee, the report of the case does not show that any valid objection was interposed to the introduction in evidence of the ordinance, but the question was presented for review by a charge given at the instance of the plaintiff. (We have examined the original transcript in the case and we find that the ordinance was introduced in evidence without objection of any kind. Original transcript volume page 1806.) In reviewing the question, it was said by Judge Simpson: "In the case now under consideration the action was for negligence, and the question is simply whether evidence of the ordinance may be considered in arriving at the determination of negligence vel non, in the absence of any allegation in regard to the ordinance. The writer confesses that, if it was a mere question, he would be disposed to require more specific allegations in regard to negligence, yet it is settled by former adjudications that very general averments, 'little short of legal conclusions,' are sufficient." The ordinance, in this case, was merely a fact bearing upon the question as to whether the defendant's agents were guilty

of negligence. It will be noticed that this learned judge cited in support of his conclusion the case of Elyton Land Co. v. Mingea, 89 Ala. 521, 7 So. 666. By reference to this cited case it will be seen that the third count of the complaint set up the ordinance of the city of Birmingham, prescribing the duties of street railway companies in that city. This authority, therefore, is not in point on the precise question now under consideration, and does not support the proposition that the ordinance could be made evidence in the case without being pleaded, for it was pleaded in the case.

In the case of South & North Ala. R. Co. v. Donovan, 84 Ala. 141, 4 So. 142, it was held that the failure to comply with a regulation imposed by a city ordinance on a railroad, and not shown to be unreasonable, is generally held to be per se culpable negligence. In this case, the ordinance was in evidence, but while the report of the case does not show whether the ordinance was pleaded or not, yet on referring to the original transcript of the case, volume 863, page 1, it will be seen that the amended complaint set up a violation by defendant company of a city ordinance of Birmingham which prohibited the running of a locomotive within the limits of the city of Birmingham at a greater rate of speed than four miles per hour.

It therefore appears that in both the Alabama cases, cited by Judge Simpson in support of the proposition that the ordinance in question was admissible in evidence without being pleaded, there were counts setting up the ordinances and made the basis of recovery.

The next case brought to our attention by appellee is the case of Ala. Great So. R. Co. v. McDaniel, 192 Ala. 639, 69 So. 60, 62. This case does not support appellee's contention. The ordinance, while not fully set out in the complaint, is referred to in the complaint, and the averment in respect thereto was, "in effect, that if the ordinance had been observed, the injury would not have been inflicted." It is to be noted that Judge Thomas, in this case, cites in support of the ruling of the court the Alabama case of Louisville & N. R. Co. v. Christian Moerlein Brewing Co., 150 Ala. 390, 43 So. 723, and Elyton Land Co. v. Mingea, 89 Ala. 521, 7 So. 666. These cases, except the case of Louisville & N. R. Co. v. Christian Moerlein Brewing Co., it will appear, do not support appellee's contention.

Our attention is also called to the holding in the case of Yarbrough v. Carter, 179 Ala. 356, 60 So. 833, in quoting from the Mobile Light & R. Co. v. Burch, 12 Ala. App. 421, 68 So. 509; but in this case Judge Mayfield, speaking for the court, held that the ordinance of the city of Birmingham was admissible in evidence, in connection with the other facts, for the jury to consider in determining whether the wrongful act complained of was wanton or willful.

In the case of Adler v. Martin, 179 Ala. 97, 59 So. 597, the complaint in count 3 set up the ordinance in question.

It will be noticed that the complaint in the instant case has no wanton or willful count.

In the case of Louisville & N. R. Co. v. Loyd, 186 Ala. 119, 65 So. 153, 158, this court, speaking through Justice De Graffenried, said: "The ordinance applies to all the territory embraced in the corporate limits of the town of Cullman, and while not set up in the count charging simple negligence and therefore admissible for no purpose under that count, it was, in so far as it related to 'ringing the bell,' admissible as evidence in support of the count charging wantonness." Yarbrough v. Carter, 179 Ala. 356, 60 So. 833.

We are at the conclusion, however, that, whether or not the ordinance was admissible in evidence without being pleaded, its admission in this case was error without injury, as this ordinance exacted no higher duty or greater care than does the statute law on same subject. Code, § 2017.

It is insisted by appellant that the court erred in the following portion of its oral charge: "She says it was the duty of the defendant to maintain and keep its tracks in the streets of Montgomery safe. Well that is true."

In the case of St. Louis & S. F. R. Co. v. Jamar, 182 Ala. 554, 62 So. 701, 702, this court had occasion to speak on the subject of the duty of owners of railways when they are allowed to construct their railroads in a public street. It is there held that:

"Independent of statute or contract, when a railway is allowed to be constructed in a public street, the duty attaches to have and to keep that part of the street occupied by its track, including that part related to the support of the rails, in such condition as to be free from pitfalls and from danger to the traveling public. Montgomery St. R. Co. v. Smith, 146 Ala. 316, 39 So. 757; Reading v. Traction Co., 202 Pa. 571, 573, 574, 52 A. 106; 36 Cyc. pp. 1403, 1404, 1405, 1406; Nellis on Street Railroads, pp. 259-262, 263, 266; 3 Dillon's Munic. Corp. § 1276; 2 Elliott on Streets & Roads, § 971.

"For negligence in respect of the performance of this duty the railway company is liable to one (a traveler in the public streets) injured as a proximate consequence of such neglect. Reasonable care and diligence in this regard is the measure of the duty thus resting upon the company. * * * Authorities, supra."

So it is that reasonable care and diligence is the measure of the duty of street railway owners in constructing and maintaining their tracks, to avoid injury to travelers passing along and over their street railway tracks, and they are "liable to individuals for injuries proximately caused by obstruction in such streets, or other negligence chargeable to such railways, which they could or should have avoided by the exercise of reasonable precaution in the premises." Birmingham, Ensley & Bessemer R. Co. v. Stagg. 196 Ala. 612, 72 So. 164, 166; Pearce on Railroads, p. 248; Booth on Street Railways, § 243; Wood on Railroads, p. 757; St. Louis & S. F. R. Co. v. Jamar, 182 Ala. 554, 62 So. 701; Montgomery St. R. Co. v. Smith, 146 Ala. 316, 39 So. 757; Birmingham Union Ry. Co. v. Alexander, 93 Ala. 133, 9 So. 525; 29 Cyc. 1177.

Applying these principles of law to the case in hand, it clearly appears that the measure of duty required of the defendant, in the above-stated and excepted to portion of the court's oral charge, was too great and exacting. We find nothing in the remainder of the oral charge correcting this misstatement as to the duty resting upon the defendant with regard to the maintenance of its track. In so charging the jury, therefore, the court fell into error. It is true that when counsel for defendant called the court's attention to the above-excepted to portion of its oral charge, saying, "This might be construed as making it (defendant) insurers," the court replied, "No." But this did not cure the error complained of.

For like reasons, the following portion of the court's oral charge exacted too high a duty of defendant in the maintenance of its railroad: "It was under the duty and obligation to so maintain those tracks as to prevent persons from being injured by reason of a failure to maintain them." This statement by the court to the jury is not corrected, explained, or qualified by anything said by the court in the subsequent portion of its oral charge. In its oral charge, touching the above statement as to defendant's duty, we find this: "Now if this piece of iron, as testified to by these witnesses, was sticking up above the level of the track, above the line of the street there, the pavement, why then the question is for you to determine whether the fact that it was sticking up there at the time of this accident to the plaintiff, constituted negligence on the part of this defendant, that depends upon the circumstances under which it existed at the time of this injury. If it was sticking up there, and if the defendant, the Alabama Power Company, knew it was sticking up there, then, of course, that would be negligence on the part of the defendant if they knew it, and if they failed to remove it, or, if, in the exercise of due care in the maintenance of its track and its railway at that time it could have been known and should have been known that this obstruction was there, and then it failed to repair it, then it would be guilty of negligence, and if this plaintiff was injured by reason of the proximate result of that negligence, why, she would be entitled to recover in this suit, unless she was guilty of negligence herself which contributed to her injury." This statement of the law of the case did not remove the objectionable feature of the above-excepted to portions of the court's oral charge. On the contrary, it was within itself objectionable, and placed too high a degree of care and duty upon the defendant; for knowledge of the defect, without reasonable opportunity to repair the same, would not constitute actionable negligence. In the above-quoted portion of the charge, the court entirely omitted, as one of the essentials to constitute negligence, a reasonable opportunity to remedy the defect.

It is insisted by appellee that the court in written charge 11, given at the request of defendant, expressly charged the jury that the defendant was not an insurer against defects in its tracks. This is true, but the giving of this charge could not serve to remove the objectionable feature of the court's oral charge. Alabama Consolidated Coal & Iron Co. v. Heald, 168 Ala. 626, 53 So. 162; Birmingham Candy Co. v. Shepherd. 14 Ala. App. 312, 70 So. 193; Birmingham Ry., L. & P. Co. v. Seaborn, 168 Ala. 658, 53 So. 241, 242.

Written charges Nos. 1, 2, and 3, given at the request of plaintiff, assert correct propositions of law, and were given without error.

The case, under the evidence, presented a jury question. Neither side was entitled to the affirmative charge.

Inasmuch as the case must be retried, we need not consider the other questions presented by the fifteenth and sixteenth assignments of error. Those questions may not arise on another trial.

For the errors pointed out, the judgment of the court below will be reversed and the cause remanded.

Reversed and remanded.

All the Justices concur.