# McKeesport *v.* Pittsburg, McKeesport & Connellsville Railway Company, Appellant.

*Street railways—Occupation of streets—Duty to repair—Common-law liability to repair—Contract.*

1. A street railway company occupying streets in a city is at common law liable to repair the space covered by its right of way thereon, but out of repair, in a manner corresponding with the pavement of the rest of the street.

2. Where a city passes an ordinance providing for the construction of a viaduct over which a street and the tracks of a street railway company may be carried, but stipulates in the ordinance that it shall not become effective until the street railway company enters into an agreement with the city to pay a stipulated portion of the cost of construction, and also to pay a share of the cost of repairs, the street railway company will be bound for repairs, although in the agreement which it executes with the city the cost of construction only is provided for, without any reference to repairs.

Argued April 30, 1913.  Appeal, No. 166, April T., 1913, by defendant, from order of C. P. No. 2, Allegheny Co., Oct. T., 1911, No. 631, making absolute rule for judgment for want of a sufficient affidavit of defense in case of City of McKeesport v. Pittsburg, McKeesport & Connellsville Railway Company.  Before RICE, P. J., HENDERSON, MORRISON, ORLADY, HEAD and PORTER, JJ. Affirmed.

Assumpsit to recover $809.39 alleged to be defendant's share of redecking a viaduct over White's Holly on the line of Versailles avenue in the city of McKeesport.

The facts are stated in the opinion of the Superior Court.

*Error assigned* was order making absolute rule for judgment for want of a sufficient affidavit of defense.

*George C. Bradshaw,* for appellant.—The ordinance is not a franchise ordinance, but an ordinance providing

for the erection of a bridge by the officers of the city.
The contract as written was adopted by the city: Phila.
v. Hays, 93 Pa. 72; McKnight v. Pittsburg, 91 Pa. 273;
Tarentum Borough v. Moorhead, 26 Pa. Superior Ct.
273.

*W. E. Newlin,* with him *Wm. B. Rodgers,* for appellee.
—A municipality whose consent is necessary to the
construction of a railway on a public street may im-
pose such conditions as it may think necessary and
such conditions are binding: Philadelphia v. R. R. Co.,
3 Grant (Pa.), 403; Davis v. Gray, 83 U. S. 203.

If a corporation takes the benefits of an ordinance
it accepts its provisions throughout: Charles River
Bridge v. Warren Bridge, 24 Mass. 344; Bank of U. S.
v. Dandridge, 25 U. S. 64; Allegheny v. Millvale, etc.,
Ry. Co., 159 Pa. 411.

Where a street railway company accepts a grant
from a municipality the same is to be construed in the
nature of a contract between the parties, and the grant
is to be construed strictly against the railway company:
Federal St. & P. V. Ry. Co. v. Allegheny, 31 Pitts.
Leg. J. 259.

OPINION BY HEAD, J., October 13, 1913:

By the first section of an ordinance duly enacted by the
city council of McKeesport on October 13, 1902, the
street committee of that body were authorized and directed
to invite and receive proposals for the construction of a
steel viaduct on the line of Versailles avenue in said city
and to contract therefor with the lowest bidder, subject
to the approval of council. The proposed viaduct or
bridge was so located that the street carried thereon could
be used to advantage by the defendant company in the
operation of its cars. What negotiations, if any, prior
to the passage of the ordinance, had been had between
the officials of the city and the company, the pleadings
do not disclose. Section 2 of the ordinance referred to,

however, provided "this ordinance shall not become effective until the said Pittsburg, McKeesport & Connellsville Railway Company, its successors or assigns, enter into an agreement with said city to pay the amount of $7,500 as their share of the cost of said bridge and to pay their share of the cost of keeping said bridge in repair." Manifestly this ordinance, in and of itself, until accepted by the street car company, imposed no liability of any kind upon it. If it chose to remain inactive, the ordinance could not become effective and the bridge could not have been built under its provisions. If it chose to assent to the city's terms and thereby make the ordinance effective, the form in which that acceptance would be indicated was not of the first importance.

On December 7, 1903, a memorandum of an agreement was drawn up and signed by the mayor for the city and by the proper officers of the defendant company. That agreement not only recited in full the first section of the ordinance already referred to, stipulating the conditions on which it was to become effective, and the obligations which the defendant was to assume as a condition precedent, but also formally attached a copy in full of the ordinance itself. In executing that agreement it must have been the intention of the parties to put the ordinance into effect and bring about the construction of the bridge. It could have had no other practical object.

In pursuance of the ordinance and agreement the bridge was built and the company promptly paid the sum of $7,500, its designated share of the cost of construction. Its tracks were laid on the street carried by the bridge and it has since that time operated its cars thereon. In the course of time the roadway became defective so that it had to be repaired. The city gave notice to the defendant company and demanded that it make the necessary repairs of that portion of the roadway embraced within the rails of its track and for an additional foot on the outside thereof. The company having declined to make the repairs, they were made by the city, and this action was brought to

recover from the defendant the money expended in making said repairs on the portion of the roadway indicated.

The defense set up by the company in its affidavit rested solely on the proposition that because, in the formal agreement executed by its officers, no mention was made of its duty to repair, no such obligation rested upon it, although, as already seen, the ordinance under which the agreement was made, and which was practically written into it, specifically made such provision. The learned judge below, being of the opinion that the affidavit exhibited no legal defense to the plaintiff's claim, entered judgment for want of such affidavit. In this judgment we concur.

It has been settled, as the law of this state, "that a railway company occupying streets in a city is at common law liable to repair the space covered by its right of way thereon, when out of repair, in a manner corresponding with the pavement of the rest of the street:" Reading v. United Traction Co., 202 Pa. 571; Same v. Same, 215 Pa. 250; Gallagher v. Rapid Transit Co., 51 Pa. Superior Ct. 488. There is no affirmative provision in the charter of the defendant company, or in the statutes of the state, relieving it from the liability thus imposed by the common law. It must be clear, upon an inspection of the ordinance of the city and the agreement executed, in order that it might become effective, there is no indication of any intention on the part of the city of McKeesport to relieve the defendant of its common law burden, or of the assumption of that burden by the city itself. That liability therefore remains, and the affidavit discloses no reason why the charge made by the city for what it had been compelled to do by reason of the refusal of the defendant to discharge its duty should not be recovered.

Moreover, we think the contract itself, made as we have said in pursuance of the ordinance to the end that it might become effective, and reciting the terms on which it could become effective, must be fairly so construed as to disclose a contractual liability on the part of the company

to make the repairs of the street between its tracks. The mere fact that the obligation so to do was not formally stated outside of the ordinance which was recited in the agreement is not, as we view it, sufficient to justify the opposite construction. When the defendant company undertook by its action to make effective the said ordinance, of the provisions of which it had full notice, it ought not to be heard to say that it did not intend that all of the obligations imposed upon it by that ordinance should become operative. We are of the opinion the action of the learned judge below in entering the judgment complained of was correct. The assignments of error are overruled.

Judgment affirmed.