# Stewart *v.* Sample.

(Cross Appeal.)

*Assumpsit.*

(Decided April 23, 1913.   Rehearing denied May 14, 1913.
62 South. 338.)

1. *Usury; Right to Recover Interest.*—In a suit on an accepted order for a tax assessor's commission assigned by the assessor to plaintiff to secure a usurious loan, where the defendant tax collector improperly withheld the money payable under the order, when it should have been paid, plaintiff was entitled to interest on the fund so improperly withheld from the time it should have been paid until it was actually paid by the collector into court, under a bill of interpleader, although plaintiff was held not entitled to recover a portion of the alleged debt because of usury.

2. *Same; Recovery of Costs.*—Section 3665, Code 1907, is not applicable to a suit against the tax collector on an assigned order for the tax assessor's commission as collateral to a usurious debt in which the debtor's administrator intervened and claimed a right to a portion of the commissions, and in which it was held that a portion of the loan was usurious, it further appearing that the amount owing from the tax collector was insufficient to pay the amount justly due independent of usury; plaintiff being entitled under such conditions to recover full costs.

3. *Appeal and Error; Harmless Error; Ruling on Motion for Judgment.*—The action of the court on the motions, together with the conduct of the trial by the parties examined and it is held that if any error intervened it was either cured or resulted in no injury to the substituted defendant.

APPEAL from Morgan Law and Equity Court.

Heard before Hon. THOMAS W. WERT.

Action by R. H. Sample against W. H. Drinkard, in which S. E. Stewart, as administrator of C. G. Harris, filed a statutory interpleader. From a judgment for plaintiff for less than the relief demanded, he appeals, and defendant administrator prosecutes a cross-appeal. Affirmed.

KYLE & HUTSON, for appellant.   No brief reached the Reporter.

WERT & LYNNE, and TIDWELL & SAMPLE, for appellee. No brief reached the Reporter.

THOMAS, J.—Most of the questions presented by this record were settled by the decision of our Supreme Court on former appeal (*Stewart v. Sample,* 168 Ala. 270, 53 South. 182), which, were we so inclined, it is beyond our province to review or our right to disturb. To the report of that appeal reference is made as to the points there determined and for a fuller understanding of those here considered, which are new to it.

With reference to the question of usury and interest, it is there said: . "The fifth claim set up by the substituted defendant [S. E. Stewart, as administrator of C. G. Harris] is that when C. G. Harris, the deceased tax assessor, gave to appellee [plaintiff, R. H. Sample] the order in question [on Drinkard, the original defendant] for $575, the consideration for said order was $500, loaned by appellee to said Harris [deceased], and that the $75 was usurious interest, and it is alleged that said appellee is not entitled to said $75. It is true that in this proceeding the merits of the claim against Drinkard [the original defendant] cannot be inquired into, for he has confessed that he owes the money, but the question to be decided is to whom the money paid into court by [him] belongs. The money belonged primarily to Harris [the said intestate of the substituted defendant, Stewart], and so much of it as is legally subject to the order belongs to the appellee, while any part of said money that is not subject to said order belongs to the estate of Harris. If a part of it is not subject to that order by reason of the order's being usurious, to that extent the amount belongs to the estate of Harris and should be deducted from the amount apparently due on the order."

On that appeal it was further held that the following sums, which came into the hands of Drinkard, the original defendant, as tax collector, collected by him as fees and commissions belonging to Harris, the deceased

assessor, and which Drinkard paid into court, were subject to the claim of the appellee (plaintiff, Sample), to wit: $7.50, the amount of fees already earned by Harris, and $418.37, the amount of commissions already earned by him, at the time of giving the order—total $425.87. In the opinion, further in this connection, it was said: "It results that there was no error in refusing to give the general charge in favor of the substituted defendant, while the general charge in favor of plaintiff, Sample, would be correct, with explanatory charge, as to the amount which plaintiff was entitled to recover."

On the present trial the lower court charged the jury in writing at the request of plaintiff as follows: "I charge you, gentlemen of the jury, that, if you believe the evidence, you will find for the plaintiff for the sum of $425.78, together with $34.06, the interest paid into court by Drinkard on the $425.78." There was accordingly verdict and judgment for plaintiff for $459.84, being the total of the two sums mentioned in the charge.

The substituted defendant, Stewart, as administrator of Harris, requested the following charge in writing, which was refused by the court, to wit: "I charge you, gentlemen of the the jury, that, if you believe the evidence, plaintiff cannot recover in this case a larger sum than $425.78."

Thus the question here presented is whether or not the plaintiff, Sample, was entitled to recover the $34.06, the interest paid into court by Drinkard on the $425.78.

The record shows without conflict that the original defendant, Drinkard, upon his discharge on filing affidavit, suggesting the substituted defendant, Stewart, as a claimant to the fund sued for, paid into court a total of $621, consisting of the following items due by him, to wit: $575, the balance of the total tax assessor's fees

and commissions collected by him for Harris remaining in Drinkard's hands, and $46 as the interest on same during the time Drinkard had used this money; that is, from the time it was due from him to the time he paid it into court. This being true, the $425.78, which our Supreme Court held the plaintiff, Sample, was entitled to out of this $575, earned $34.06 of the $46 so paid by Drinkard, out of his individual funds, as interest on the whole fund of $575. If plaintiff was entitled to the fund itself, $425.78, at the time that it was collected by Drinkard, which question has been settled, as seen, the conclusion cannot be escaped that he is entitled to the fructus of that fund during the time it was improperly withheld from him by Drinkard, which was from the time it should have been paid plaintiff by Drinkard on the order to the time it was actually paid into court by him. This cannot in any sense be said to be a recovery of interest upon the original usurious loan, especially when the amount recovered is less even than the principal of the loan. Hence the court properly instructed the jury on this subject, and this without violence to any portion of the decision of our Supreme Court on the former appeal, regarding the question of usury in the original loan by plaintiff to Harris.

Another particular in which the lower court is alleged to have erred was in rendering judgment in favor of plaintiff against the substituted defendant for the court costs. The contention is based on section 3665 of the Code, which provides that, "if it be made to appear that usurious interest has been intentionally taken or reserved, defendant recovers full costs." This section makes an exception to the general rule as to the recovery of costs established by section 3662 of the Code, which awards full costs to the successful party in all civil actions, and was designed to penalize a plaintiff who seeks in the action to enforce a demand that is

tainted with usury. And if this were a suit by the plaintiff against the original debtor, Harris, or his personal representative, on the obligation given by Harris for the $500 loan, and the interest thereon, which latter is admittedly usurious, there is no question but what the plaintiff, under said section 3665, would not be entitled to recover costs, although he should be successful in recovering the principal of the loan. As it is, however, this suit is not upon that usurious demand, but is upon a demand, collateral to it, against a third party, Drinkard, not in the least tainted with usury, due or to become due the original debtor, Harris, and transferred or assigned by him to the plaintiff in payment pro tanto of the original debt. Conditional against Drinkard though this demand was at first (his liability under it being conditioned upon his collection of the tax assessor's fees and commissions belonging to Harris), yet it became absolute against him, in favor of plaintiff, the transferee, or assignee, the very moment that Drinkard collected the tax assessor's fees and commissions belonging to Harris, and which had been earned by the latter up to the time of the transfer or assignment, though the transfer or assignment was void as to such fees and commissions as were earned by Harris subsequent thereto; that is, subsequent to the giving of the order on Drinkard and its acceptance by him.—*Stewart v. Sample,* 168 Ala. 270, 53 South. 182. This suit is by plaintiff on that demand against Drinkard; and, if Drinkard had remained the defendant, it is clear that the plaintiff would have recovered against him just the sum he has recovered here, together with full costs; there being no usury in the demand sued on. When he was discharged as defendant, and the present defendant substituted in his place, it was under the provisions of section 6050 of the Code, which defines the status of the substituted defendant by declaring, among other things,

that "thereupon such person stands in the place of the defendant." Being so, we are of opinion he is liable for costs if he fails to maintain a successful claim to the whole fund in court (*Buxbaum v. McCorley,* 99 Ala 537, 13 South. 5), and that usury in the original obligation or note given by Harris for the $500 loan does not affect the matter.

Upon the trial, after each side had announced ready and before any evidence had been introduced by either party, the plaintiff, Sample, moved that judgment be rendered for plaintiff upon the ground that the substituted defendant offered no evidence, which was met by a counter motion on the part of substituted defendant that judgment be rendered for substituted defendant, because plaintiff had offered no evidence. Both motions being submitted together to the court, he overruled each. Thereupon plaintiff proceeded, and, after offering in evidence the pleadings in the case and the order on Drinkard given plaintiff by Harris and its acceptance by Drinkard, rested, whereupon substituted defendant moved again that judgment be rendered for him upon the ground that plaintiff had not made out his case, which motion was likewise overruled. Thereupon substituted defendant proceeded and introduced certain evidence, and afterwards plaintiff also introduced evidence, undisputed in any material particular by substitued defendant, and which fully entitled plaintiff to recover. Hence any error of the court, if any, in his rulings on the motions mentioned, was cured and resulted in no injury to the substituted defendant. All other questions raised by this record, whether assigned as error by the appellant or cross-appellant, were setled on the former appeal.

We find no error in the rulings of the court, assigned as such here, and the judgment is affirmed.

Affirmed.