## Ex Parte Stewart.

### Assumpsit.

(Decided December 18, 1913.   64 South. 36.)

1. *Usury; Recovery of Costs.*—Where the action was on an assignment of fees made to secure the payment of a usurious debt, though the action is not on the usurious debt, the consideration of the assignment is in issue, and the provisions of section 3665, Code 1907, are applicable.

2. *Assignments; Public Officers; Fees Earned and to be Earned.*—If it be true that the assignment of fees of a public officer is void

as to those unearned, the assignment is not void as to those earned, even if it was intended to include those unearned, such fees being severable and not entire.

3. *Certiorari; Review; Questions Decided.*—The intention to include in an assignment of fees, unearned fees, the contract not expressly provided therefor, and the amount of the fees earned and unearned, are questions of fact which will not be reviewed by the Supreme Court upon certiorari to review the decisions of the Court of Appeals.

(Dowdell, C. J., and McClellan and de Graffenried, JJ., dissent.)

CERTIORARI to Court of Appeals.

R. H. Sample brought an action against S. H. Stewart as administrator to recover on an assignment, and recovered judgment, which was affirmed on appeal to the Court of Appeals.—(*Stewart v. Sample,* 8 Ala. App. 663; 62 South. 338). The administrator brings certiorari to review that decision and judgment. Certiorari granted and the judgment of the Court of Appeals reversed in part and in part affirmed.

KYLE & HUTSON, for appellant. The court was in error in rendering judgment for costs against appellant as he successfully pleaded usury.—Sec. 3665, Code 1907. Part of the commissions were unearned at the time and an attempt to transfer them was void as against public policy.—*Sloss v. Hewlett,* 81 Ala. 266; *Robertson v. Robinson,* 65 Ala. 610. Until the tax was levied by the court of county commissioners the tax assessor could not ascertain the amount, and hence, could not determine the amount of his commission, and they cannot be said to be earned.—Sec. 3956, and sec. 3985, Code 1896; *Perry County v. R. R. Co.,* 65 Ala. 395; *State Auditor v. Jackson County,* 65 Ala. 159.

TIDWELL & SAMPLE, and WERT & LYNNE, for appellee. The certiorari should be denied on the authority of *Stewart v. Sample,* 8 Ala. App. 663, and authorities there cited.

MAYFIELD, J.—This case is here by certiorari from the Court of Appeals. The case was once before considered by this court, on a direct appeal from the Morgan county law and equity court, which appeal is reported in 168 Ala. 270, 53 South. 182. It was then decided that the plaintiff was entitled to recover a certain amount of the fund paid into court, and which was claimed by the substituted defendant. On the next trial the court instructed the jury that the plaintiff was entitled to recover a certain amount, plus the interest thereon. There was a plea of usury interposed on both trials, and the plea was held good by this court on the former appeal. On the second trial the plea of usury was practically confessed by amending the complaint by striking out all of the usurious interest claimed therein. Notwithstanding this the plaintiff recovered full costs of the defendant of which he complained in the trial court and in the Court of Appeals.

It was ruled by this court on the former appeal that, as a part of the tax assessor's fees assigned by him to plaintiff was unearned, the assignment was, to that extent, abortive and void; but that the fees then earned by the assessor did pass by the assignment and the acceptance of it by the collector.

It is evident that both the trial court and the Court of Appeals attempted to follow the law as declared by this court on the former appeal. The consideration and the object of the assignment of fees and commissions, by the deceased assessor, was to secure the payment of a loan of money made by the appellee to the assessor. The assignment was therefore incidental to the main transaction, which was the loan. The assessor having died before the loan was paid, and before appellee had collected from the tax collector the fees and commissions assigned, appellee sued the collector to recover

the assignment and the interest accruing thereon since the time it should have been paid over to appellee.

Appellant, as the administrator of the assessor, succeeded to the rights of his intestate, and claimed the fund held by the collector, and interpleaded and was made the substituted defendant. The defense of usury was pleaded, and the plea confessed by the amendment of the complaint, abating the claim as to the whole assignment and claiming the principal only.

It therefore conclusively appears by the record proper that the trial was had as to the integrity of the original loan on the question of usury and of the assignment on the question of its being against public policy in so far as it related to unearned fees and commissions of the deceased assessor, and that both of these issues were decided in favor of the administrator, the appellant here. The appellant has been required, however, to pay the whole of the costs, although he succeeded in his defense of usury, and in part as to the unearned fees and commissions. Of this he complains and, we think, rightfully. Section 3665 of the Code provides that, "if it be made to appear that usurious interest has been intentionally taken or reserved, the defendant recovers full costs." In this case this fact is made to appear beyond dispute and by the record proper. The trial court and the Court of Appeals held that the statute did not apply, for the reason that this was not an action on the usurious contract or loan but was an action merely to recover on the assignment as to which there was no usury. In this, as we have shown, the two courts were in error.

It conclusively appears, from all the records on every appeal in this case, that the consideration for the assignment was the usurious loan; and this consideration was in fact and in law made an issue in this case

and was found to be usurious, and the plaintiff confess-
ed the plea of usury by striking out the usurious claim.
This, however, did not entitle him to avoid or evade the
statute above set out, which requires a plaintiff to pay
costs when he has intentionally taken usurious interest.

It is also insisted by appellant that, as a part of the
fees and commissions were not earned when assigned,
this tainted the whole transaction and prevented a re-
covery even of the part that had been earned. To this
we cannot agree. The assignment, as before said, was
merely incidental to the loan. Not that the transfer
was intended to be merely collateral, but it was inciden-
tal, notwithstanding it was intended to be both secur-
ity and payment for a usurious loan. It does not, in
our opinion, fall within the class of entire contracts
whereof, a part being illegal, all must fall. It rather
belongs to the class of contracts which are severable
and may be enforced so far as legal and denied any oper-
ation so far as illegal. Moreover, the contract does not
expressly provide for the transfer of unearned com-
missions or fees. It may be that the parties thought
that the amount of the fees and commissions transfer-
red was already earned, and that there was no intention
to transfer any part that was yet to be earned. It con-
clusively appears that the exact amount then earned,
or that to be earned, was unknown and unascertained,
and certainly so as far as the transfer was concerned;
and it may be that there was no intent to violate the
law. And, if there was no such intent, the contract was
not void as to the compensation which was then earned;
and, if the full amount transferred had not been then
earned, the assignment would certainly transfer all that
had been earned. In other words, it is not certain that
there was any intention to transfer fees or commissions
not then earned. This, however, was a question of fact

and not of law, and we could not, even if we so desired, review the finding thereon. Likewise, as to the amount of earned, and the amount of unearned, compensation, at the date of the transfer, this was a question of fact and not of law; and, being such, it was one which neither this court nor the Court of Appeals could review.

For the error as to the costs the judgment and decision of the Court of Appeals is reversed; and as to all other matters it is affirmed.

Certiorari granted, and decision of the Court of Appeals reversed in part and in part affirmed.

ANDERSON, SAYRE, and SOMERVILLE, JJ., concur. DOWDELL, C. J., and MCCLELLAN, and DE GRAFFENRIED, JJ., dissent.