# Mobile Light & Railroad Co. v. Drooks.

## *Injury to Person on Track.*

(Decided November 10, 1914.   6 South. 824.)

1. *Pleading; Construction; Replication.*—While a replication should be construed most strongly against the pleader, it is to be construed fairly, and with reference to the other pleadings, particularly the plea it purports to answer.

2. *Street Railways; Persons on Track; Last Clear Chance.*—Where the defense set up to an action of personal injury caused by being struck by a car, was that plaintiff negligently went so close to a street car track without looking for approaching cars that he was struck and injured, and that plaintiff knowing that the car was approaching, negligently went so close to the track that he was struck, a replication setting up that defendant's servant, after becoming aware of plaintiff's peril failed to exercise due care to avoid injuring plaintiff, is not demurrable for failure to show what plaintiff's peril was, or that the negligence of defendant's servant occurred subsequent to the negligence of plaintiff alleged in the plea, when read in connection with it.

3. *Same; Burden of Proof.*—The provisions of section 5476, Code 1907, are without application to street railways.

4. *Same; Evidence.*—The evidence examined and held sufficient to warrant the finding that the motorman was negligent in not sounding his gong after he discovered the danger of plaintiff.

5. *Same; Duty; Lookout.*—The law requires a motorman in charge of a car to keep a diligent lookout for pedestrians and vehicles upon the track, and in the absence of evidence to the contrary, the jury may presume that he kept such a lookout.

6. *Same; Proximate Cause; Failure to Warn.*—A failure to give warning to a person walking along side a street car track away from an approaching car, where there is opportunity to give such warning in time for such pedestrian to step out of danger's way, is the proximate cause of the injury, and not the negligence of the pedestrian in walking along the track without looking.

7. *Trial; Motion to Strike Evidence; Curing Error.*—Any error in refusing to strike all of plaintiff's evidence because failing to establish a prima facie case in that it failed to show that the car was equipped with a gong so that the motorman could warn plaintiff, after discovering his peril, was cured by evidence of the fact that the car was so equipped, offered by defendant.

8. *Charge of Court; Singling Out Evidence.*—Charges which single out and give undue prominence to certain phases of the evidence are properly refused.

[Mobile Light & Railroad Co. v. Drooks.]

9. *Same; Ignoring Issues.*—Where the issue of last clear chance is raised in the case by the evidence, charges predicating a finding for defendant which ignore such an issue, are properly refused.

10. *Same; Covered by Those Given.*—Error cannot be predicated upon the refusal of charges which are substantial duplicates of requested charges given.

APPEAL from Mobile Law and Equity Court.

Heard before Hon. SAFFOLD BERNEY.

Action by Andrew Drooks against the Mobile Light & Railroad Company, for injuries from being struck by a street car. Judgment for plaintiff and defendant appeals. Affirmed.

GREGORY L. & H. T. SMITH, for appellant. The court erred in overruling demurrers to the replication to defendant's plea.—*So. Ry. v. Stewart,* 153 Ala. 137; *Johnson v. B. R. L. & P. Co.,* 149 Ala. 534; *Weatherly v. N. C. & St. L.* 166 Ala. 583. A motorman has the right to presume that a person will step out of danger's way as long as it is practicable for him to do so, and is under no duty to slacken the speed of his car until it becomes apparent that such person will not remove himself from danger.—*Anniston E. & G. Co. v. Rosen,* 159 Ala. 205; *Schneider v. Mobile L. & R. Co.,* 146 Ala. 347; *So. Ry. v. Shelton,* 137 Ala. 210; *L. & N. v. Black,* 89 Ala. 317. The duty of giving the signal arises only after the motorman sees that the person was not aware of the danger, and after the danger had become imminent.—*Merrill v. Sheffield Co.,* 169 Ala. 256. Under the authorities last cited the court was in error in refusing to strike plaintiff's evidence because of its failure to make out a prima facie case. There must have been evidence that he was looking ahead, and that he could have stopped the car.—*Garth v. N. A. T. Co.,* 148 Ala. 97; *Johnson v. R. R. Co.,* 149 Ala. 538; *So. Ry. v. Gullatt,* 150 Ala. 320; *Mobile L. & R. Co. v. Baker,* 158 Ala. 494;

*Carlisle v. A. G. S.,* 166 Ala. 600. It is never permissible to indulge one legal presumption as a basis for another.—*Manning v. Ins. Co.,* 100 U. S. 697; *U. S. v. Ross,* 92 U. S. 284. The first and second charges requested by defendant should have been given.—*Brown v. S. L. & S. F.,* 171 Ala. 316; *Martin v. U. S. & N. A. Co.,* 163 Ala. 218, and cases cited. The fourth charge should have been given.—*Garth v. N. A. T. Co., supra; So. Ry. v. Gullatt, supra.* The fifth charge should have been given.—*Merrill v. Sheffield Co., supra.* On the authorities cited supra, the other charges requested by defendant should have been given.

FRANCIS J. INGE, and GESSNER T. McCORVEY, for appellee. The replications were sufficient and the demurrers properly overruled.—*L. & N. v. Lowe,* 158 Ala. 391; *C. of Ga. v. Foshee,* 125 Ala. 199; *A. G. S. v. McWhorter,* 156 Ala. 269. The court did not err in refusing to strike plaintiff's evidence, as it made out a prima facie case.—*A. G. S. v. McWhorter, supra; S. & N. A. R. R. Co. v. Sullivan,* 59 Ala. 272; *Hissong v. R. & D. R. R. Co.,* 91 Ala. 514; *C. of Ga. v. Stewart,* 59 South. 507; *A. G. S. v. Smith,* 59 South. 464. If there was error, it was cured by the evidence of defendant, showing the car was equipped with a gong.—*Hairston v. Montgomery,* 59 South. 793. The court properly refused charge 1.—*A. G. S. v. McWhorter, supra; Hissong v. R. & D. R. R. Co., supra; L. & N. v. Lowe, supra.* The second and third charges were properly refused. —*C. of Ga. v. Stewart, supra; Randle v. B. R. L. & P. Co.,* 158 Ala. 532, and authorities supra. The court properly refused charges 4, 8, 13 and 14.—*Wes. S. & F. Co. v. Cunningham,* 158 Ala. 369, and authorities supra. The fifth charge was properly refused.—*B. R. L. & P. Co. v. Lee,* 153 Ala. 386; *L. & N. v. Price,* 159 Ala. 213.

The sixth and seventh charges were properly refused, as were the 9th, 10th, 11th, 16th, 17th, 12th and 15th.— Authorities supra.

THOMAS, J.—The counts of the complaint upon which the trial was had counted on simple negligence in general terms, and the defendant, appellant here, filed in answer thereto two special pleas of contributory negligence, setting up, in substance, in one of them, that the plaintiff, at the time of the injury, complained of, went so close to defendant's car track as to be struck by the passing car, without first having stopped, looked and listened to ascertain whether or not a car was approaching within dangerous proximity to him, when, if he had so stopped, looked, and listened, he would have known of the approach of the car in time to avoid the injury; and, in the other of them, that plaintiff, while knowing that defendant's car was approaching him and in dangerous proximity to him, went at such time on or so near to the track on which the car was so approaching as to be struck by it. To these pleas, separately and severally, the plaintiff filed, in addition to the general replication, a special replication of subsequent negligence, alleging that (quoting from the replication) "the defendant's servants or agents in charge or control of said car knew of plaintiff's peril, and, after becoming aware thereof, they negligently failed to exercise due care and diligence to avert the injury to plaintiff, and that, as a proximate consequence thereof, plaintiff was injured." The defendant demurred to this replication on the grounds: First, that it does not appear from its averments "what peril it was that defendant's servants or agents are charged with having become aware of prior to the said alleged act of negligence on their part"; and, second, that it does not ap-

pear from the averments of said replication that "the said act of negligence on the part of defendant's servants, which is alleged to have been subsequent to the discovery of plaintiff's peril, was also subsequent to the negligence of plaintiff, as alleged in defendant's said pleas."

A replication, like other pleadings, while it is to be construed most strongly against the pleader, is yet to be construed fairly and in the light of, and with reference generally to, the other pleading, and particularly to the allegations of the plea it purports to answer. The replication here, when so construed, is, we think, clearly not open to either of the criticisms aimed at it in the demurrer; consequently, we are of opinion that the action of the court in overruling the demurrer was free from error.

The rule established by section 5476 of the Code, placing on a railroad company the burden of acquitting itself of negligence when, in a suit therefor, it is shown that the person complaining was injured by the locomotive or cars of such company, has no application to a street railroad company.—*Appel v. Selma Ry. Co.*, 177 Ala. 457, 59 South. 167; *O'Rear v. Manchester Lumber Co.*, 6 Ala. App. 461, 60 South. 462. Therefore the burden was on the plaintiff in the present suit to show negligence.

At the conclusion of the evidence introduced by the plaintiff, and before the defendant introduced any evidence, the latter moved the court to exclude all the evidence introduced by the plaintiff, on the alleged ground that it failed to make out a prima facie case. This evidence for the plaintiff tended to show, among other things, in this respect that the accident occurred in the business district of the city of Mobile, on the west side of Royal street, a street which runs north and south;

at a point thereon between Dauphin and Conti streets, in front of an establishment or building indifferently called Stile's or Closkey's, which was then being remodeled or repaired, as a result whereof the sidewalk in front of this building was obstructed and roped off to prevent the passage along there of pedestrians, and necessitating their walking out into said Royal street in order to get around. Out in Royal street, and just in front of the building mentioned, and extending from the curb of the sidewalk in front of said building into said Royal street east for a distance of some 5 or 6 feet, there was a box some 16 or 18 feet wide temporarily placed there and used for storing sand and gravel that had been assembled for the repairs mentioned, and which pedestrians, after leaving the sidewalk, had also to go around in passing said building. Between the end of this box, projecting, as said, east into Royal street, and the car track of defendant, which imbedded in and level with the street ran north and south along said street, the distance was some 4 or 5 feet, and afforded the only clear passageway around the front of said building. At the time of the accident the plaintiff had come south down the sidewalk as far as the ropes mentioned, and had then stepped off of the curb into the street en route around the obstructions, and, after stopping and turning a moment or so to speak to some friends whom he met just at the edge of the box, he turned again and proceeded on down the street between said box and defendant's car track and near said track for a distance of some 8 or 10 feet, without stopping to look or listen for an approaching car, and entirely unconscious that the one was near and approaching from the rear, which struck him as it passed, and inflicted the injuries complained of. The evidence for the plaintiff further tended to show that no gong was sounded or other sig-

nal given of the approach of the car, and that Royal street—the street along which the car was traveling—was entirely straight, and that there was nothing to obstruct the view of the motorman or to prevent him from seeing the plaintiff as he was walking down the street in the manner and position aforesaid.

Considering this evidence, we are of opinion that it tends to support one theory—waiving others, if there be any—upon which the plaintiff would be entitled to recover, provided the jury believed this evidence and the inferences fairly deducible therefrom.

The law imposed upon the motorman the duty of keeping a diligent lookout ahead to discover pedestrians or vehicles upon or approaching the track, so that he might take the proper precautions to avoid injuries; and therefore, if in the present case the motorman discharged that duty—and the jury, it seems, would have had a right to infer as a matter of evidence, in the absence of any evidence to the contrary, that he did, and besides, there is positive evidence here that he was keeping such lookout at the time—then, there being nothing to obstruct the view, a fair inference afforded by all the evidence is that, before the car ever reached the plaintiff, the motorman saw him ahead of the car, with his back thereto, walking along down the side of, and in dangerous proximity to, the track, as before described. While it is perhaps true, as contended by defendant's counsel, that under the circumstances of this case as detailed, the motorman was under no duty to stop the car, since he had a right to assume that the plaintiff, an adult, would, if conscious of the approach of the car, turn aside and get out of its way before it reached him, which he could easily have done by taking one step to the west, yet the motorman had no right to assume or presume, under the circumstances here, that

the plaintiff was conscious of the approach of the car, and he was consequently under duty to give plaintiff warning of such approach by sounding the gong, ringing the bell, or otherwise.

The failure to give such warning, if there was such failure as plaintiff's evidence tends to show, was negligence under the conditions as shown by plaintiff's evidence to exist; and, if such negligence was the proximate cause of the injury, as the jury might from the plaintiff's evidence infer, then the defendant is liable, notwithstanding the plaintiff may have been guilty of negligence in walking down the side of said track, in dangerous proximity thereto, without stopping to look and listen for an approaching car. His negligence in such event would not be the cause of the injury nor contributory thereto, but merely the cause of a condition upon which the negligence of the motorman in failing to give warning of the approach of the car operated as the sole cause of the injury.—*Central of Ga. Ry. Co. v. Foshee,* 125 Ala. 218, 27 South. 1006. Of course, if the plaintiff went so suddenly upon, or in dangerous proximity to, the track, ahead of the moving car, that the motorman did not even have time to sound the gong or take other precautionary measures for plaintiff's safety, then the case would be different. The plaintiff's evidence tends to show, however, as before said, that this was not the case, but that he walked eight or ten steps dangerously near the track ahead of the car, with his back thereto, entirely unaware of the approach of the car, and that no gong was sounded or other signal given to arouse his attention to such approach. If there had been, the natural conclusion is that the noise would have awakened his latent consciousness in this particular, and that then the instinct of self-preservation would have asserted itself, and that he would have

moved out of the way of the danger, as he so easily could have done. We think the propositions laid down in the following authorities establish the liability of defendant on the theory of the evidence as discussed: *Central of Ga. Ry. Co. v. Foshee,* 125 Ala. 218, 27 South. 1006; Am. & Eng. Ency. Law (d Ed.) vol. 27, p. 64; *Birmingham Railway, L. & P. Co. v. Williams,* 158 Ala. 381, 48 South. 93; *S. & N. Ry. Co. v. Sullivan,* 59 Ala. 272; *A. G. S. Ry. Co. v. McWhorter,* 156 Ala. 269, 47 South. 84; *L. & N. R. R. Co. v. Young,* 153 Ala. 232, 45 South. 238, 16 L. R. A. (N. S.) 301; *Randle v. Birmingham Railway, L. & P. Co.,* 158 Ala. 532, 48 South. 114; *Appel v. Selma Ry. Co.,* 177 Ala. 457, 59 South. 164; *A. G. S. R. Co. v. Smith,* 178 Ala. 613, 59 South. 464; *Anniston Electric & Gas Co. v. Rosen,* 159 Ala. 195, 48 South. 798, 133 Am. St. Rep. 32; *Merrill v. Sheffield Co.,* 169 Ala. 251, 53 South. 219.

The defendant's criticism of this theory of plaintiff's case is that, at the time he (the defendant) made the motion to exclude all of plaintiff's evidence, there was no evidence whatever showing, or tending to show, that the car which struck plaintiff was equipped with a gong, bell, or other device for use in warning persons of its approach, and that the only possible ground on which it could be said that it was so equipped would be merely on a presumption that defendant had discharged the duty required of it by law and had so equipped the car, but that to indulge such a presumption as a basis for holding that the motorman was negligent in not sounding the gong would result in a logical absurdity, presuming that the defendant had discharged one duty as a basis for finding that it had neglected to discharge another duty. Conceding, without inquiring into, the merit and correctness of this contention, and assuming as a result that the trial court erred in not sustaining

defendant's said motion, this error was subsequently rendered harmless and without injury by reason of the fact that the defendant, after the overruling of its motion, proceeded to develop its defense, and in doing so offered evidence itself which showed conclusively that the car was equipped with a gong.—*Stewart v. Sample,* 8 Ala. App. 663, 62 South. 338; *Ex parte Stewart,* 185 Ala. 74, 64 South. 36; *Hairston v. Montgomery,* 102 Miss. 364, 59 South. 793; *Wellman v. Jones,* 124 Ala. 590, 27 South. 416.

What we have already said, in connection with the authorities cited, is sufficient, without the necessity for further discussion, to indicate the reasons of our conclusion that the court, under the facts and circumstances of this case, committed no reversible error in refusing either of the written charges assigned as error. Some were misstatements of the law; some were abstract; some singled out, and gave undue prominence to certain phases of the evidence; some, in predicating a finding for the defendant, ignored entirely the theory of the evidence we have discussed; some were covered by charges already given; and all were properly refused under the facts of this case, which will readily appear, we think, when they are construed in the light of the analysis we have hereinbefore attempted to give of plaintiff's case.

Under the rules governing us in the review of the action of trial courts in overruling motions for new trials, we are not of opinion that we should disturb that ruling in the present case.—*Cobb v. Malone,* 92 Ala. 630, 9 South. 738.

The judgment appealed from is affirmed.

Affirmed.